## S. S. KRESGE CO., INC. v. UNITED STATES

No. 6198.—Invoice dated Sonneberg, Germany, November 11, 1938.
Entered at New York, N. Y., November 28, 1938.
Entry No. 765825.

(Decided August 3, 1945)

*Sharretts & Hillis* (*Edward P. Sharretts* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

COLE, Judge: The value of glass animals or novelties, exported from Germany and entered at the port of New York, is involved in this appeal for reappraisement.

The case has been submitted for decision on a written stipulation, filed July 23, 1945, wherein the parties agree that the invoice items marked "A," initialed WRS, consist of glass animals or novelties exported from Germany in November 1938, whose *per se* unit invoice prices and market conditions with respect thereto are the same in all material respects as those established in *F. W. Woolworth Co. et al.* v. *United States*, Reap. Dec. 5094, and that the record in said case be incorporated herein.

In the *Woolworth* case, *supra*, the question presented was whether the cash prices of people in the Sonneberg-Lauscha district of Germany manufacturing Christmas tree ornaments, cocktail sticks, and other glass novelties in their homes, represented the proper dutiable values of the merchandise; or, whether higher prices charged by commissionaires or dealers were the proper basis for appraisement. The court found that the manufacturers' prices met all of the requirements of statutory value as defined in section 402 (c) and (d) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. §1402 (c) and (d)), and accordingly held such values to be the proper ones for tariff purposes.

On the agreed facts, I find that there existed for the glass animals or novelties in question, at the time of their exportation, a foreign value and an export value as they are defined in section 402 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. §1402), and accordingly hold such values to be the invoice unit prices, plus 3½ per centum social assessments, plus packing and cost of cases, as invoiced.

The appeal, having been abandoned as to all other merchandise, is hereby dismissed so far as it relates thereto.

Judgment will be rendered accordingly.